

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2007

# Trisno v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5204

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Trisno v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1431.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1431

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5204
_____

HENDRI TRISNO,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,

Respondents

_____

On Petition for Review from
the Board of Immigration Appeals
BIA No: A96-262-923
Immigration Judge: Miriam K. Mills
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 15, 2007

Before: FUENTES, GREENBERG, LOURIE,* Circuit Judges.

(Opinion Filed: March 23, 2007 )
_____

OPINION
_____

_____

* Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit,
sitting by designation.

FUENTES, <u>Circuit Judge</u>.

Hendri Trisno, a native and citizen of Indonesia, petitions for review from a final order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252. We will deny the petition.

## I.

On September 20, 2002, Trisno left Indonesia and arrived in the United States with a tourist visa. His visa expired on October 19, 2002, but Trisno remained in the country past its expiration. On March 17, 2003, he filed an application for asylum. His application was denied on May 13, 2003, at which time he was served with a Notice to Appear charging him as removable under INA § 237(a)(1)(B). Trisno had his first hearing before an IJ on May 22, 2003, at which time he conceded he was removable and renewed his application for asylum, withholding of removal, and relief under the CAT. On March 3, 2004, the day of Trisno's hearing on these claims, the IJ issued an oral opinion denying all of them. On October 25, 2005, the BIA adopted and affirmed the IJ's decision, without opinion.

Trisno claims that he left Indonesia to escape persecution and violence inflicted on him because he is ethnically Chinese and a practicing Christian. He claims that growing up in Surabaya, Indonesia, he was regularly subjected to physical abuse and name-calling

by native Indonesians, in his predominantly Muslim neighborhood. He claims that on October 16, 1999 he was assaulted and robbed by a mob of ethnic Indonesians during a large-scale, anti-Chinese riot. The assailants pulled Trisno off of his motorcycle, stole his helmet and watch, and beat him. Trisno also claims that the police stood by and did nothing to stop the riots or his assault. Trisno claims that on January 17, 2000, he again found himself at the center of an anti-Chinese riot, but this time he escaped harm by hiding in a nearby Christian hospital.

About two and half years after the January 2000 riot, in July 2002, Trisno applied for a tourist visa to come to the United States. Trisno testified before the IJ that because of the prior incidents described, and a current pattern and practice of violence against Chinese Christians in Indonesia, he fears harm or death if returned to Indonesia. The IJ concluded that Trisno had failed to meet his burden of proof on any of his claims, but granted Trisno's request for voluntary departure. This petition for review followed.

**II.**

Where a BIA order adopts the opinion of the IJ, we review the latter. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir.2002). The IJ's "[f]actual findings, such as credibility determinations, are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Reynoso-Lopez v. Ashcroft, 369 F.3d 275, 278 (3d Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). Thus, on appeal, we must determine whether the IJ's factual findings are supported by substantial evidence. Id.

3

Under certain circumstances, section 208(b) of the INA, 8 U.S.C. § 1158(b), gives the Attorney General discretion to grant asylum to a "refugee." Section 101(a)(42)(A) of the INA defines "refugee," generally, as

> any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to . . . [or] to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The applicant has the burden to show that he fits within this definition. 8 C.F.R. § 1208.13(a). Applicants for asylum may be considered "refugees" if they have been subject to past persecution or that they have a well-founded fear of future persecution. See Lukwago v. Ashcroft, 329 F.3d 157, 167 (3d Cir. 2003). The persecution, however, must be "on account of" one of the bases designated in the INA. See 8 C.F.R. § 1208.13(b).

An applicant who establishes that he has suffered past persecution is entitled to a rebuttable presumption that he also has a well-founded fear of future persecution. See Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004) (citing 8 C.F.R. § 1208.13(b)(1)). The Government may rebut the presumption if it can "establish[] by a preponderance of the evidence that the applicant could reasonably avoid persecution by relocating to another part of his or her country or that conditions in the applicant's country have changed so as to make his or her fear no longer reasonable." Id. (internal quotation marks omitted).

Even if the applicant establishes statutory eligibility, the Attorney General's

4

decision to grant or deny an asylum application is discretionary. But, with certain exceptions, the government must grant withholding of removal to an applicant who demonstrates a clear probability of persecution. INA § 241(b)(3)(A); 8 U.S.C. § 1231(b)(3)(A); INS v. Stevic, 467 U.S. 407, 430 (1984). Thus, for withholding of removal, Trisno must show that it is more likely than not that he will be persecuted if he returns to Indonesia. See Gabuniya v. Att'y Gen., 463 F.3d 316, 320 -21 (3d Cir. 2006). Moreover, to qualify for relief under the CAT, Lin must demonstrate that it is more likely than not that he will be tortured if he is removed to Indonesia. See id. (citing 8 C.F.R. § 208.16(c)(2)).

## III.

Based on our review of the record, we conclude that substantial evidence supports the IJ's determination that Trisno does not qualify for asylum, withholding of removal, or relief under the CAT. At the outset, Trisno has not shown that he has suffered past persecution, under the INA. We explained in Ahmed v. Ashcroft that

> persecution connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom. This definition does not include all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.

341 F.3d 214, 217 (3d Cir. 2003) (internal quotation marks and citation omitted).

The incidents that Trisno describes do not rise to the level of persecution. "While this Court has not yet drawn a precise line concerning where a simple beating ends and persecution begins, our cases suggest that isolated incidents that do not result in serious

5

injury do not rise to the level of persecution." Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005) (citing, among other cases, Chen v. Ashcroft, 381 F.3d 221, 234-35 (3d Cir. 2004)). Critically, as in Chen, Trisno has not alleged that he suffered serious injury, or sought any medical attention after his beating in 1999. See also Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (finding no past persecution where Indonesian petitioner's home was robbed, petitioner was called "Chinese pig" and struck by the intruder with a knife, but had no serious injury, and police did not answer her call for help).

The IJ also found it significant that during cross examination, Trisno testified that police were deployed for protection of the Christian hospital where he safely waited out the January 2000 conflict. And Trisno further admitted at his hearing that he has never been detained, arrested or tortured by any official, or anyone acting on the government's behalf. Based on the foregoing, we conclude that substantial evidence supports the IJ's conclusion that the isolated criminal acts Trisno claims are not sufficiently severe to be considered past persecution.

The IJ also found that Trisno failed to establish a well-founded fear of future persecution if he were to return to Indonesia. "To establish a well-founded fear of future persecution an applicant must first demonstrate a subjective fear of persecution through credible testimony that her fear is genuine." Lie, 396 F.3d at 536. "Second, the applicant must show, objectively, that a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." Id. (internal quotations omitted). "To satisfy the objective prong, a petitioner must show she would be individually singled out

6

for persecution *or* demonstrate that 'there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion. . . . ' " Id. (quoting 8 C.F.R. § 208.13(b)(2)(iii)(A)) (emphasis added).

Our Court has explained that "to constitute a 'pattern or practice,' the persecution of the group must be systemic, pervasive, or organized." Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (internal quotation marks omitted). Acts of "violence or other harm perpetrated by civilians against the petitioner's group [do] not constitute persecution unless such acts are committed by the government or forces the government is either unable or unwilling to control." Id. (internal quotation marks omitted).

It appears that the IJ did not credit Trisno's claim of subjective fear, in large part, because there was no evidence that he ever reported the criminal acts he claimed to police, and never explained why he believed he could not obtain protection from the police. We find no evidence in the record that would compel us to disturb the IJ's conclusion that Trisno's testimony failed to substantiate his subjective fear of future persecution.

We also have no reason to disturb the IJ's assessment of Trisno's objective evidence. Trisno points to no evidence that he would be personally targeted for persecution, and in the IJ's view, Trisno's evidence of a pattern of a pattern and practice of violence against Chinese Christians in Indonesia—including 2003 State Department Reports and news articles reporting incidents of violence against ethnic Chinese—did not

7

support an objective fear of future persecution. The IJ concluded that although the record showed ongoing violence between Muslims and Christians, it was largely limited to the provinces of Molukus and Sulawesi, and that even in these areas, the State Department Reports indicated improvement. She also noted that some of the violence reported was perpetrated against Muslims and groups other than Chinese and Christians. These conclusions are supported by substantial evidence in the record. Thus, although we do agree that the evidence shows that religious violence in Indonesia remains a significant problem, we do not agree that the record compels a conclusion that there is a pattern and practice of persecution.

For the same reasons that we deny Trisno's asylum claim, we also conclude that Trisno does not qualify for withholding of removal or protection under CAT. Trisno has not demonstrated a "clear probability" of persecution if removed, and so he does not qualify for withholding of removal. Nor has he shown any evidence that it is more likely than not that he will be tortured if removed, and so he does not qualify for protection under CAT

We have considered the remainder of Trisno's arguments, find them all to be without merit, and conclude that no further discussion is necessary. For the foregoing reasons, we will deny the petition for review.